UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Chevron Smith
    Plaintiff,

      v.   09-2142

Patrick Hartshorn
    Defendant.

MEMORANDUM OPINION AND ORDER

    A merit review of the plaintiff's complaint was held on July 7, 2007. He appeared via the telephone. The plaintiff is Chevron Smith, detained at the Vermilion County Jail. He names as defendant, Patrick Hartshorn, the sheriff of Vermilion County.

Standard

    The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

    Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

    The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty*

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Allegations

The plaintiff alleges that on April 30, 2009, he brushed his elbows against the metal mechanism of a door and suffered a cut on his elbow.  Two days later the cut became very red and started to swell.  He sought medical attention.  On May 5, 2009, the jail nurse gave some cream, a bandage, Ibuprofen and antibiotics to the plaintiff.  The plaintiff claims he is allergic to Ibuprofen. During the merit conference, he explained that the Ibuprofen caused stomach problems and vomiting.  He admitted that this was the first time he had a reaction to Ibuprofen.  The plaintiff claims the nurse explained that he had a staph infection, but said they would see if the antibiotics would resolve the infection.

The plaintiff claims that from May 5 - May 8, 2009, his elbow got much worse.  His elbow was swollen and pus was coming out of it and it was very painful.  He claims he could not bend his arm.  [So he followed the nurse's advice] by returning to the medical unit.  The nurse recommended that he be sent to an outside hospital.  At Provena Hospital, he was treated for pain, hooked up to an IV, given antibiotics and his pain medication was changed three times.  In his complaint he says he was released from the hospital on May 13, 2009.  However, during the merit review conference, he stated he was in the hospital for a week.

Dr. Haltoran released the plaintiff from the hospital.  Upon his return to the jail, the jail nurse examined the plaintiff and placed him in an isolation cell.  She provided items that Dr. Haltoran prescribed for the plaintiff – a heating pad and a medication called Vicodin.  The plaintiff claims that the nurse examined him a week later and then released him into general population.  That would have been on approximately on May 23, 2009.

The plaintiff signed his complaint on May 31, 2009.  In his complaint he stated "it has been two weeks as he is writing his complaint and he is still in pain.  He just doesn't know what to do.  He hopes he doesn't give "this" to anyone else because he has been placed back in population."  The plaintiff apparently is suffering some residual pain as might be expected.

In his complaint, the plaintiff claims he filed a grievance, but states no one has

2

responded. During the merit review conference, the plaintiff made several conflicting statements regarding filing a grievance. First, he stated he did not know about a grievance. Then he said he filed inmate request forms. Then he stated there are an inmate request form and an inmate grievance form. Then he stated he did not know anything about a grievance form. Finally, he stated he filed a grievance, but does not have copies of his grievance or the request forms. This plaintiff has serious credibility problems. The court finds that this plaintiff has not exhausted administrative remedies for the issue he complains about in his complaint. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999).

As the plaintiff cannot proceed due to his failure to exhaust administrative remedies, the court need not reach the merit of his claims. Nevertheless, even if he had exhausted, his lawsuit would be dismissed. The plaintiff admits that he was treated by the nurse. He was taken to the hospital where he was admitted and treated. He admits that upon his relief, the jail nurse examined him before placing him in isolation. He admits that the jail nurse, following the discharge instructions by the doctor, provided the plaintiff with a heating pad and medication. As plaintiff did not know that he was allergic to Ibuprofen, neither would the nurse. This is definitely not a case of deliberate indifference to serious medical needs. Furthermore, the court reasonably assumes that Patrick Hartshorn, a non-medical person would not have been personally involved in the plaintiff's treatment.

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997e(a), the plaintiff's complaint is dismissed in its entirety, without prejudice. The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.

Enter this 14th day of July 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge